IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES BRADLEY RIEMER, #1854097 | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv362 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner James Bradley Riemer, an inmate confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge Don D. Bush, who issued a Report and Recommendation on the merits concluding that the petition should be denied. Riemer has not filed objections. The Director, on the other hand, has filed objections. He states that he agrees with the ultimate conclusion to deny relief, but he argues that the second and third grounds for relief should be rejected as unexhausted and procedurally barred.

Riemer is challenging his Denton County conviction for two counts of indecency with a child, Cause Number F-2011-2619-E. He argues that he is entitled to federal habeas corpus relief because his trial counsel was ineffective for the following reasons:

1. Failure to investigate;

2. Failure to provide fact witnesses; and

3. Cumulative error stemming from counsel's failure to give an opening statement, failure to object to an improper statement, and failure to impeach the State's expert.

1

Riemer presented all three grounds for relief in a memorandum attached to his State application for a writ of habeas corpus; thus, Magistrate Bush found that the exhaustion requirement was satisfied.

The Director observed that the second and third claims were not raised in the form petition, as required by Texas Rule of Appellate Procedure 73.1. Instead, they were presented only in the memorandum. The Director argues in his objections that the Texas Court of Criminal Appeals did not consider the claims because they were not properly presented for review. *See Ex parte Walton*, 422 S.W.3d 720, 721 (Tex. Crim. App. 2014) ("[T]he Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form.") (emphasis in original).

State prisoners bringing petitions for a writ of habeas corpus are required to exhaust all State remedies before proceeding in federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A prisoner must "fairly present" all of his claims to the State court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1981). Raising a claim in procedural context in which its merits will not be considered does not constitute "fair presentation" for exhaustion purposes. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989).

Rule 73.1 is explicit in notifying State inmates that grounds that are set forth in a memorandum but not raised on the form will not be considered. In 2014, the Texas Court of Criminal Appeals discussed the provisions of the rule in *Walton*. Riemer subsequently filed his State application for a writ of habeas corpus. Page five of the form clearly placed Riemer on notice that "the Court will *not* consider grounds for relief set out in a memorandum of law that

were not raised on the form." Despite the notice, Riemer did not present his second and third grounds for relief on the requisite standardized form. He did not fairly present his second and third grounds for relief to the Texas Court of Criminal Appeals; thus, they are unexhausted.

Unexhausted claims presented in a petition are procedurally barred. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). The procedural bar may be overcome by demonstrating either cause and prejudice for the default or a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Id.* Riemer has made no effort to overcome the procedural bar. His second and third claims are unexhausted and procedurally barred. In the alternative, the claims lack merit for reasons explained by Magistrate Judge Bush.

In conclusion, the Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Director, the court is of the opinion that the objections have merit. The second and third grounds for relief are unexhausted and procedurally barred. In the alternative, for the reasons stated by the Magistrate Jujdge the objections lack merit. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED,** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **1** day of **December, 2015.**

_____
Ron Clark, United States District Judge